**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:  SELKIRK DEVELOPMENT, LLC, | No. 00-35982 |
| Debtor. | D.C. No. CV-99-00156-DWM |
| ------------------------------ | |
| SELKIRK DEVELOPMENT, LLC, | MEMORANDUM[*] |
| Plaintiff - Appellee, | |
| v. | |
| WILLIAM J. GRIFFIN; BRENDA G. GRIFFIN, | |
| Defendants - Appellants. | |

| | |
|---|---|
| In the Matter of:  SELKIRK DEVELOPMENT, LLC, | No. 01-35017 |
| Debtor. | D.C. No. CV-99-00180-DWM |
| ------------------------------ | |
| WILLIAM J. GRIFFIN; BRENDA G. GRIFFIN, | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                    Appellants,

  v.

SELKIRK DEVELOPMENT, LLC,

          Appellee.
```

Appeals from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Debtor Selkirk Development, L.L.C., a real estate company, filed for

Chapter 11 bankruptcy. Unclear about the ownership rights to two properties,

Debtor initiated an adversary proceeding against the Griffins to quiet title. The

bankruptcy court quieted title in Debtor and then, in a separate order, confirmed

the bankruptcy plan. The Griffins timely appealed both orders to the district court,

which affirmed, and in turn timely appealed both orders to this court.

In case No. 01-35017, we dismiss for failure to prosecute the appeal. The

Griffins' briefing contains no argument pertaining to confirmation of the plan.

In case No. 00-35982, we review de novo the bankruptcy court's conclusions of law and review for clear error its factual findings.  USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887 (9th Cir. 2010).  We affirm.

The bankruptcy court permissibly told the parties that it would make its factual findings on the existing record if the parties failed to meet the court's second deadline for submitting information.  The Griffins failed to meet that deadline and failed to ask for more time within which to do so, and they did not submit their accountant's deposition to the court.  Considering the record then before it, the court held that the Griffins had been paid in full under each of their agreements with Selkirk and its predecessors for the purchase and sale of the real property in question.  Even if the court made findings that are imperfect, as the Griffins argue, a failure to comply with the specificity requirement of Federal Rule of Civil Procedure 52(a) (adopted pursuant to Bankruptcy Rule 7052) does not automatically require reversal.  FTC v. Enforma Natural Prods., Inc., 362 F.3d 1204, 1212 (9th Cir. 2004).  We understand the bankruptcy court simply to have held that the Griffins failed to meet their burden to establish that any amount remained owing after some payments, reflected in the record, had been made.  That being so, any Rule 52(a) error does not require reversal.

Finally, the judgment of the bankruptcy court, quieting title in Debtor, was not a sanction. Instead, the court closed the record pursuant to its earlier case-management orders and then made a decision on the merits, grounded on the existing record.

In No. 01-35017, appeal **DISMISSED**.

In No. 00-35982, **AFFIRMED**.